UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
CORY MARCANO,

                      Petitioner,

                                                        **OPINION & ORDER**
               -against-                                     24-CV-8830 (JAM)

WARDEN NEWMAN, Warden of Federal
Correctional Institution McKean,

                      Respondent.
---------------------------------------------------------------X

**JOSEPH A. MARUTOLLO, United States Magistrate Judge:**

*Pro se* Petitioner brings this petition for a writ of habeas corpus under 28 U.S.C. § 2241 ("the Petition") against Respondent Newman, Warden of FCI McKean, to challenge how his sentence is being carried out, calculated, or credited by prison authorities. *See* Dkt. No. 1. Specifically, Petitioner requests that this Court issue a non-binding recommendation to the Bureau of Prisons ("BOP") that he serve the remaining months of his 25-year sentence under home confinement. *Id*. at 10.

At the time of the Petition's filing, Petitioner was incarcerated at FCI McKean in Pennsylvania. *See id.* at 1.[1] Petitioner, however, is no longer incarcerated at FCI McKean. Accordingly, for the reasons set forth below, the Petition is denied on mootness grounds.

**I.**     <u>**Background**</u>

Petitioner filed the Petition in the U.S. District Court for the Eastern District of New York on December 26, 2024. Dkt. No. 1. Petitioner had previously been sentenced in his underlying criminal case, *United States v. Marcano*, No. 03-CR-537 (E.D.N.Y.), on June 15, 2006.

---

[1] Citations to pages refer to ECF-stamped page numbers.

As noted above, Petitioner brought this habeas petition to challenge how his sentence was being carried out, calculated, or credited by prison or parole authorities—namely, for the Court to issue a non-binding recommendation to BOP to permit him to serve the remaining months of his 25-year sentence under home confinement. *Id*. at 10. Petitioner states that he sought home confinement in this district because he was administratively barred from residential re-entry center housing placement and that this district was designated by the United States Probation Office for his supervised release. *Id*. at 10-11. Petitioner did not pay the filing fee or request to proceed *in forma pauperis*.

On January 7, 2025, the Court directed Respondent to show cause and by February 14, 2025, to "serve on [P]etitioner a return that shows why a writ of habeas corpus should not be issued[.]" Dkt. No. 3 at 1.

On February 14, 2025, Respondent filed a brief in response to the Petition, opposing the relief sought by Petitioner on the grounds that "this Court lacks jurisdiction to rule on the merits of [the] petition." Dkt. No. 4 at 1. Respondent argues that Petitioner's challenge to the execution of his sentence must be brought under 28 U.S.C. § 2241, in the district of the Petitioner's confinement, and only upon the exhaustion of available administrative remedies. *Id*. (citing *Levine v. Apker*, 455 F.3d 71, 78 (2d Cir. 2006)). Respondent further argues that while 28 U.S.C. § 2255 may offer a jurisdictional basis in this Court, a petition under that section can only challenge the legality of the imposition of a sentence, not its execution. *Id*. at 2 (citing 28 U.S.C. § 2255; *Levine*, 455 F.3d at 77). Respondent requests that the Petition be dismissed or transferred to the U.S. District Court for the Western District of Pennsylvania, the locus of Petitioner's incarceration. *Id*.

Petitioner did not respond to Respondent's arguments.

2

On March 14, 2025, the parties consented to magistrate judge jurisdiction of this action. *See* Dkt. Nos. 8, 9.

On April 2, 2025, Petitioner was released from BOP custody. *See* https://www.bop.gov/mobile/find_inmate/byname.jsp (last visited June 27, 2025).

## II. Discussion

"Article III of the Constitution limits [federal courts'] subject-matter jurisdiction to 'disputes involving live cases and controversies.'" *Ansari v. Tellez*, No. 20-CV-2041 (MKB), 2021 WL 2010399, at *3 (E.D.N.Y. Apr. 14, 2021) (quoting *Ciaprazi v. Jacobson*, 719 F. App'x 86, 87 (2d Cir. 2018)). "A case is deemed moot where the problem sought to be remedied has ceased, and where there is no reasonable expectation that the wrong will be repeated." *Id.* (citing *Williams v. Annucci*, 895 F.3d 180, 187 (2d Cir. 2018)). Indeed, "[i]t is settled in [the Second] Circuit that a transfer from a prison facility moots an action for injunctive relief against the transferring facility." *Prins v. Coughlin*, 76 F.3d 504, 506 (2d Cir. 1996) (per curiam) (citing *Young v. Coughlin*, 866 F.2d 567, 568 n.1 (2d Cir. 1989)); *Ciaprazi*, 719 F. App'x at 87 ("A prisoner's release moots an action seeking injunctive relief against the prison, but not an action seeking damages." (citing *Prins*, 76 F.3d at 506)).

Here, Petitioner first erred by filing in this district. *See Rumsfeld v. Padilla*, 542 U.S. 426, 447 (2004) ("Whenever a [section] 2241 habeas petitioner seeks to challenge his present physical custody within the United States, he should name his warden as respondent and file the petition in the district of confinement."); *Jabarah v. Garcia*, No. 08-CV-3592 (DC), 2010 WL 3834663, at *4 (S.D.N.Y. Sept. 30, 2010) ("The proper venue to bring a [section] 2241 challenge is the district of confinement." (citing *Santulli v. United States*, No. 02-CV-8664 (SAS), 2003 WL 21488084,

3

at *2 (S.D.N.Y. June 25, 2003))).  Thus, the proper district in which to file the Petition was the Western District of Pennsylvania, as Respondent argues.

But even assuming *arguendo* that venue was proper in this district, Petitioner's release from BOP custody renders this action moot.  *See Serra v. Terrell*, No. No. 10-CV-03044 (DLI), 2013 WL 5522850, at *1 (E.D.N.Y. Sept. 30, 2013) ("Petitioner's release from custody from the MDC renders this action moot because it precludes the Court from providing any 'effectual relief.'") (quoting *Levine*, 455 F.3d at 78); *see also Cohen v. Jamison*, No. 23-CV-1304 (LTS), 2023 WL 3511124, at *2 (S.D.N.Y. Apr. 10, 2023), *reconsideration denied*, 2023 WL 3412762 (S.D.N.Y. May 12, 2023) ("Because he is no longer incarcerated at FCI Gilmer, where the allegedly unconstitutional events occurred, the petition is moot."); *Razzoli v. Strada*, No. 10-CV-4802 (CBA), 2013 WL 837277, at *2 (E.D.N.Y. Mar. 6, 2013) ("A § 2241 challenge to conditions of confinement will be considered moot where the petitioner has been transferred to a different facility.") (citing *Thompson v. Choinski*, 525 F.3d 205, 209 (2d Cir. 2008)); *Geddes v. Lindsay*, No. 07-CV-5054 (NGG), 2008 WL 2620129, at *3 (E.D.N.Y. July 1, 2008) ("[A] motion under section 2241 is moot if a change in the petitioner's conditions of imprisonment precludes the district court from providing any 'effectual relief.'") (quoting *Levine*, 455 F.3d at 78)).

In short, because Petitioner is no longer in BOP custody, his Petition is moot.

### III.  Conclusion

For the foregoing reasons, the Court dismisses Petitioner's writ of habeas corpus for lack of jurisdiction.  The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal.  *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).  The Clerk of Court

4

is respectfully directed to close this case and mail a copy of this Order to Petitioner's relatives at the following addresses, to permit forwarding to Petitioner:

| | |
|---|---|
| Cory Marcano<br>C/o Aleeah Walsh<br>2395 3rd Ave., Apt. 732<br>Bronx, N.Y. 10451 | Cory Marcano<br>C/o Allison Marcano<br>131 Lincoln Rd.<br>Brooklyn, N.Y. 11225 |

Dated:      Brooklyn, New York
               June 27, 2025            **SO ORDERED.**

                                                              */s/ Joseph A. Marutollo*
                                                             JOSEPH A. MARUTOLLO
                                                             United States Magistrate Judge